## SUPREME COURT — SPECIAL TERM — ONONDAGA COUNTY.

### February, 1917.

## HORACE T. MANN v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

(99 Misc. 358.)

JURISDICTION—INSPECTION OF TESTIMONY GIVEN BEFORE GRAND JURY*—
ACTION—CRIMINAL LAW.

A motion for the inspection of the testimony given by a witness
before the grand jury, and for a copy thereof for use upon the trial
of a civil action, will be denied on the ground that the court has no
jurisdiction to grant it.

MOTION to inspect transcript of evidence given before the grand jury of Oswego county.

*Thomson & Byrne,* for motion.

*F. D. Culkin, District Attorney of Oswego county,* opposed.

HUBBS, J.:

This is an application made to the court by the defendant for permission to inspect the transcript of the evidence given by John Casey before the grand jury of Oswego county in the case of People v. Campbell. The district attorney of Oswego county appeared upon the hearing and stated that all criminal proceedings in the case of People v. Campbell had been closed and that a disclosure of the evidence given by Casey would not affect any pending criminal proceeding.

---

* See Notes, Vol. 5, p. 101; 22, p. 498.

The application is based on section 952t of the Code of Criminal Procedure, which provides that the stenographer for the grand jury shall keep secret all testimony introduced before the grand jury, except that he may furnish the district attorney with a copy thereof; that as to all other persons it shall be kept secret " except upon the written order of the court duly made after hearing the said district attorney."

This section was derived from Laws of 1885, chapter 348, section 5; amended by Laws of 1899, chapter 516, section 3, and Laws of 1907, chapter 587, section 5.

My attention has not been called to any case where an application has been made for a copy of the evidence of a witness before a grand jury, for use upon the trial of a civil action. All applications under this section, as far as I have been informed, have been made in a criminal case pending before the court. If the court has power under this section to allow an inspection of the evidence given before a grand jury and the furnishing of a copy thereof by the stenographer for use upon the trial of a civil action, it is a power that has not been understood or acted upon. At common law no record of the proceedings before a grand jury was preserved. (*Ex parte* Taylor, 5 Cow. 56.) Later the statute provided that a grand jury might appoint one of its members as clerk. In People v. Steinhardt (47 Misc. Rep. 255), Judge KENEFICK said that he had found no reported case where an inspection of grand jury minutes had been allowed prior to the statute of 1885. Since that time the courts have, in certain cases, permitted an inspection by the defendant for the purpose of enabling him to move to set aside the indictment.

The reasons for keeping grand jury minutes secret are too well understood to require stating. The courts should not lightly do anything which will take away the protection thrown around a witness before a grand jury. All persons should be encouraged to appear freely before grand juries and offer their

testimony, with assurance that it will not lightly be made public.

All motions under section 952t of the Code of Criminal Procedure are addressed to the discretion of the court. I believe this is a case where a court might very properly grant the order if it has jurisdiction to do so. This motion is, therefore, denied, upon the ground that the court has no jurisdiction to grant the relief prayed for, so that the question may be presented to the Appellate Division, if desired.

Motion denied.