HARRY DWORETZKY, Respondent, v. MONTICELLO SMOKED FISH
COMPANY (a Corporation) and Others, Appellants.

Third Department, May 3, 1939.

*John D. Lyons [Lawrence H. Cooke of counsel], for the appellants.*

*Ellsworth Baker, for the respondent.*

CRAPSER, J. This is an appeal from an order granted at the Sullivan County Special Term, directing the district attorney to furnish the plaintiff the grand jury minutes in a criminal prosecution for use in a private suit.

The plaintiff and Frank Goldsmith were the defendants in the case of *People* v. *Dworetzky and Goldsmith.* They were charged with the crime of extortion. They were arrested and after a hearing held before a justice of the peace, were held for the grand jury. The grand jury indicted them. They were tried and convicted. After conviction they applied for a certificate of reasonable doubt and this was denied them. The Appellate Division reversed the conviction but ordered a new trial. (252 App. Div. 834.) The district attorney then consented to a dismissal of the indictment.

Plaintiff now brings this action for malicious prosecution.

The judge at Special Term, in his memorandum, relies upon *People ex rel. Hirschberg* v. *Board of Supervisors* (251 N. Y. 156, 170) as authority for the granting of the motion. From a careful reading of the opinion in that case it is clear that it does not afford authority for the granting of the motion in this case.

At page 171 of the opinion, Judge LEHMAN says: " In New York, as in most jurisdictions, the general rule is safeguarded by statutory prohibitions. (Code Crim. Pro. §§ 265, 266 and 952; Penal Law, §§ 1783 and 1784.) We are not in this case called upon to determine the *circumstances* under which the *court may require* production of the stenographer's minutes of the grand jury proceedings. We pass only upon the competency of the jurors as witnesses to proceedings of the grand jury."

It is clear that the question of the right to have the grand jury minutes to aid in the prosecution of a civil suit was not passed upon in that case and the only question passed upon was the competency of the grand jurors as witnesses to proceedings of the grand jury after the business of the term had been finished and under circumstances that would not interfere with the proper enforcement of the criminal law.

Section 952-t of the Code of Criminal Procedure provides for the taking of the testimony given before the grand jury by a stenographer duly appointed for that purpose and the furnishing to the district attorney a copy of such testimony as he shall require. The section further provides that no other person shall take a copy of the same nor of any portion thereof or read the same or any portion thereof, except upon the written order of the court duly made after hearing the district attorney. All of the original notes and minutes taken by the stenographer shall be kept in the custody of the district attorney, and neither the same nor a copy of the same or any portion of the same, shall be taken from the office of the district attorney excepting as in said section provided.

Courts are without power to require a district attorney to file in the office of a county clerk for inspection by a defendant before trial, statements, notes or memoranda in his possession relative to the crime charged against a defendant but inadmissible as evidence either for the prosecution or defense. (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24.)

Application for inspection of testimony of chief clerk of City Court of City of New York before grand jury in another proceeding as to bank deposits over and above salary — testimony is sought for trial of clerk before committee of justices of City Court of City of New York on charges presented by counsel to New York State Joint Legislative Committee — court has jurisdiction of motion which is addressed to court's discretion — secrecy of grand jury proceedings and public interest will be best served by denial of application. (*People* v. *Ewald*, 144 Misc. 657.)

In *Matter of Crain* (139 Misc. 800), Judge NOTT, writing, says: " Section 952-t of the Code of Criminal Procedure forbids the stenographers of the grand jury to furnish a copy of any of the proceedings before the grand jury ' except upon the written order of the court duly made after hearing the said district attorney.' The purposes of these restrictions are obvious. The granting of an order for the inspection of the grand jury minutes, however, is left entirely to the conscience and sound discretion of the court. It has been held, and properly held, that such discretion should not be exercised to furnish the minutes to parties for their aid in private litigation."

In that case a motion was made by the Hon. Samuel Seabury, commissioner appointed by the Governor of the State of New York under section 34 of the Public Officers Law " to conduct an investigation of charges made against Hon. Thomas C. T. Crain, district attorney of the county of New York, for an order directing the stenographer of the additional grand jury, impaneled in this court for the September, 1930, term, to furnish to said commissioner a copy of all evidence adduced before said grand jury connected with an investigation into the food and fish market conditions in this county in a proceeding entitled *People* v. *John Doe* and *Richard Roe,* and directing the district attorney to furnish said commissioner all exhibits adduced before said grand jury in such investigation."

The court decided: While section 952-t of the Code of Criminal Procedure bars the furnishing of a copy of the proceedings before a grand jury except upon written order of the court made after hearing the district attorney, the commissioner therein should be furnished with a copy of the minutes, where the application, although not involved in a criminal action, involves public interests in the broadest measure and is made by the Governor's commissioner for necessary use in investigating the conduct of a public officer of great importance.

The court, in exercising its discretionary power, will grant the application of the Attorney-General of the United States for an inspection of the minutes of a grand jury which investigated the affairs of a certain title company, where the examination is sought for the purpose of the proper prosecution of Federal indictments in respect to so-called mail fraud charges arising from the sale of mortgages and guaranteed first mortgage certificates and not to serve any private interest or to aid any private litigant. (*Matter of Attorney-General of United States,* 160 Misc. 533.)

From the last two cases cited it is clear that the minutes of a grand jury may be ordered to aid in the enforcement of law but not to serve any private interest or to aid any private litigant.

In the case of *Mann* v. *Delaware, L. & W. R. R. Co.* (99 Misc. 358; unanimously affirmed, 177 App. Div. 952), opinion by Judge Hubbs, at Special Term, he denied a motion for a transcript of the grand jury minutes to aid in a private litigation upon the ground that the court had no jurisdiction to grant the motion. (*Lewis* v. *Roux Trucking Corporation,* 222 App. Div. 204.)

In *Semple* v. *County Trust Co.* (255 App. Div. 794) the court says: " The granting of a motion to place the minutes of the grand jury at the disposal of a litigant in a civil action does not rest within discretion. The court has no jurisdiction to grant such an application."

The order appealed from should be reversed, with costs, and the motion to require the district attorney of Sullivan county to furnish the plaintiff in this action with a transcript of the testimony taken before the grand jury of the county of Sullivan on the charge of extortion made by *People* v. *Dworetzky and Goldsmith* is denied, with ten dollars costs.

HILL, P. J., MCNAMEE and HEFFERNAN, JJ., concur in the result, and in the opinion of CRAPSER, J., except they do not concur in the statement that the court in no case has power, in a private litigation, to permit an inspection of the grand jury minutes.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.