Mitchell D. Schweitzer, J.
This is an application made by a police officer of the Police Department of the City of New York to inspect the G-rand Jury minutes forming the basis for an indictment of one Stewart Purvis, a former patrolman in the New York City Police Department, for bribery and subornation of perjury. The petitioner is not a party defendant named in said indictment but has, however, been named as a respondent with other members of the Police Department in a police disciplinary proceeding. It would appear that the charges of *788 misconduct against this petitioner stem directly from the police activities relating to the arrest of one Shelley Bragg which led to the Purvis indictment. From this fact, it is fair to assume as petitioner contends, that the same witnesses who gave testimony before the Grand Jury will be called as witnesses in the disciplinary proceedings against this petitioner.
The inspection is sought primarily to permit the use of such testimony at such disciplinary proceedings upon the cross-examination of any witnesses who gave testimony before such Grand Jury. (Cf. People v. Rosario, 9 N Y 2d 286.)
It has been uniformly held that Grand Jury testimony will not be disclosed to serve a private interest or aid any private litigant. (Dworetsky y. Monticello Smoked Fish Co., 256 App. Div. 772; Matter of Martin, 170 Misc. 919, and cases cited herein.)
Disclosure of Grand Jury testimony has, however, been permitted in those cases where law enforcement agencies seek such inspection in an investigation of collateral crimes or some form of official misconduct. (See Matter of Attorney General of United States, 160 Misc. 533.) The courts, in exercising their discretion to disclose Grand Jury testimony to a law enforcement agency, as permitted by section 952-t of the Code of Criminal Procedure, were uniformly guided by the overriding and controlling principle, that such disclosure assisted public officials in their law enforcement duties to reveal the existence of crime or official misconduct.
Since the filing of the instant motion and while the application was sub judice, this court on the consent of the District Attorney granted an ex parte application of the Police Commissioner requesting the testimony of all of the witnesses who testified before the Grand Jury which returned the Purvis indictment. These minutes are sought for use in the very departmental disciplinary proceedings in which the present petitioner is named a respondent. There is judicial precedent for the granting of such application. (Matter of Scro, 200 Misc. 688.) The turning over of the Grand Jury testimony to the Police Commissioner will, in effect, grant this petitioner the relief he seeks. It will assure him of the utilization of such Grand Jury testimony at his hearing pursuant to .the policy consideration delineated by People v. Rosario (supra). The instant motion, however, must be denied.