Frank A. Gulotta, J.
These three applications for subpcenas duces técnm are disposed of as follows':
The 'two subpoenas, one directed to Police Headquarters, and the other to the 8th Precinct of the Nassau County Police Department, requiring that they produce all records in connection With an incident which resulted in the accidental shooting of plaintiff, Helena Kruger, and certain other data, is allowed. There is a strong législative policy to make records kept in a public office available for inspection by persons having a legitimate interest in them which overrides the limitation in section 2207 of the County Government Law (L. 1936, ch. 879, as amd.) concerning Police Department records. (Scott v. County of Nassau, 43 Misc 2d 648).
The question before me is not quite the same as in Bresson v. Radio City Music Hall Corp. (23 A D 2d 581), McCormick v. Mars Associates (25 A D 2d 433) and Harrison v. Green Bus Lines (24 A D 2d 1081) since those cases dealt with the right of disclosure before trial, whereas the present inquiry is concerned only with production of records, so that they are available after the Trial Justice rules on their admissibility. However, those *167 cases indicate that upon a proper showing that the records are kept in the regular course of business, they will be admissible. The questions of when they were made, whether any of them constitute 1 ‘ work product ’ ’ etc. are likewise for the Trial Justice.
This reasoning applies also to the personnel records of defendant Rafferty, since it is for the trial court to decide whether the issue of his alleged negligent training is within the pleadings.
As to the subpoena directed to the District Attorney for the Grand Jury minutes, the law seems clear that there is no general right to scrutinize these minutes in aid of a civil- suit. (Dworetzky v. Monticello Smoked Fish Co., 256 App. Div, 772; Ashlaw v. Racquette Riv. Paper Co., 1 A D 2d 69.)
However, I think that under the rationale of People v. Rosario (9 N Y 2d 286) the plaintiff would be entitled, at the appropriate time, to examine the testimony of any witness before the Grand Jury who is proffered as a witness by the county at the trial and who testifies therein. The search for the truth is as much an aim on the civil side of the court as it is on the criminal side. For this limited purpose the subpoena to the District Attorney will be allowed, the records to be kept in the custedy of the court, unless and until they are needed for the limited purpose outlined above.