Milton Albert, J.
Claimant’s intestate, it is alleged, was killed by an officer of the Staté Police on July 27, 1971 during a pursuit. It is further alleged that there were no witnesses to the occurrence other than the participants.
An investigation of the occurrence was conducted by the Division of State Police and by the District Attorney of Columbia County and the Grand Jury of Columbia County. The police officer involved appeared before the Grand Jury. No indictment issued and the investigation terminated.
On June 6,1972, the court denied without prejudice, claimant’s motion to examine the minutes of the Grand Jury (Motion No. M-14503).
Claimant here renews her application for permission to inspect the Grand Jury minutes solely with respect to testimony given by the police officer involved, William Sickinger.
The secrecy of Grand Jury minutes is not absolute; and an inspection can be had in aid of proceedings other than criminal, but only to protect the rights of the public (People v. Di Napoli, 35 A D 2d 28, 30, affd. 27 N Y 2d 229). General disclosure or widespread publication is not permitted, but may be had for use for impeachment purposes (People v. Di Napoli, 27 N Y 2d 229, supra). At page 237 of 27 N Y 2d, the Court of Appeals per Fulo, Ch. J., quoted the following with approval: “ [i]t is now universally conceded that a witness may be impeached in any subsequent trial, civil or criminal, by self-contradictory testimony * * * given by him before the grand jury.”
For the purposes hereinbefore set forth, the claimant’s motion with respect to the testimony given to the Grand Jury only by William Sickinger is granted.