Sidney H. Rosen, J.
Plaintiff, by subpoena duces tecum, seeks the production of the Grand Jury minutes of Officer Alvarez, Officer Milmore, and the Medical Examiner before the Trial Judge in her civil action, with regard to the homicide of plaintiff’s intestate. The reason given for the necessity of the production of these minutes is the possible impeachment. of any of the above, who testified before the Grand Jury, and who may testify as defendants’ witnesses.
The District Attorney objects to the release of the Grand Jury minutes in civil cases where the purpose is to serve a private litigant. While conceding that the secrecy of the Grand Jury minutes is not absolute and inspection is permitted by governmental agencies (People v. Di Napoli, 27 N Y 2d 229) the District Attorney is against extending this privilege to private litigants. Three reasons are cited for the historic secrecy of the Grand Jury. “ First, the secrecy is necessary in order to encourage Grand Jurors to faithfully and fearlessly perform their duties. Second, this cloak of secrecy also helps to induce witnesses to testify where, without it, they may hesitate to do so. Third, and most important, it protects the individual under investigation from the stigma of unfounded accusation, if, in fact, no indictment is returned. ’ ’
It is incumbent upon the court to preserve the public policy against revealing Grand Jury proceedings unless the interest of justice dictates otherwise. None of the above would be diminished by producing the minutes at trial. The court is not permitting any fishing expedition by plaintiff. In analyzing the case of Dworetzky v. Monticello Smohed Fish Co. (256 *665 App. Div. 772), cited by the District Attorney, the court distinguishes between the set of facts found therein and those before us. In Dworetsky the plaintiff was suing for malicious prosecution after being indicted by the Grand Jury. Subsequently, after reversal of a conviction by the Appellate Division, the District Attorney consented to a dismissal of the indictment. Certainly the granting of inspection of the Grand Jury minutes under these circumstances would have opened the door for suits of discovery and weakened the workings of the Grand Jury. In the case before ns, there is little possibility that the production of the testimony will have “ a chilling effect on the workings of the grand jury,” as the District Attorney fears. Thus, in two cases, where a policeman shot and killed a man, the courts granted relief similar to that requested here. In Marinelli v. State of New York (71 Misc 2d 62) the Court of Claims granted the plaintiff permission to examine the testimony which the trooper had given before the Grand Jury. And in Kruger v. County of Nassau (53 Misc 2d 166), the court permitted the inspection of any Grand Jury witness who testified at trial.
Accordingly, the District Attorney is directed to produce the Grand Jury testimony of Officer Alvarez, Officer Milmore and the Medical Examiner at the trial of this action pursuant to the subpoena heretofore served upon him.