Edward S. Conway, J.
This is a motion for an order pursuant to section 325 of the Judiciary Law directing the District Attorney of Albany County to produce for inspection and to furnish a copy of the Grand Jury minutes in the above-entitled proceeding to the complainant Rose Mary Smith.
It is the contention of the movant, the complainant in this proceeding, Rose Mary Smith, that she is now the defendant in *516 a civil action for false arrest arising out of this proceeding. This proceeding was commenced when the complainant executed at the Police Court of the City of Albany a sworn information charging that “ John Doe to be Identified ” did forcibly steal property of the complainant in violation of subdivision 3 of section 160.15 of the Penal Law. Subsequently, police officers of the City of Albany arrested the defendant for the "violation set forth in the information executed by the complainant upon the defendant being identified by the complainant at the defendant’s place of business. The defendant was arraigned and held for action by the Grand Jury after a plea of not guilty. The matter was presented to the Grand Jury which returned a “ no-bill ”. The defendant subsequently commenced a civil action, which is now pending, for false arrest against the complainant.
The complainant now contends that in order to adequately present her defense in the civil action for false arrest she must, in fairness, be allowed to inspect the minutes of the Grand Jury proceeding. She further contends that the Grand Jury proceedings in this matter have been terminated and the matter has been closed by the District Attorney and therefore to allow inspection of the minutes of the Grand Jury will not in any way frustrate any of the purposes sought to be obtained by secrecy generally attached to grand jury minutes as enumerated by the Court of Appeals in People v. Di Napoli (27 N Y 2d 229).
Section 325 of the Judiciary Law provides that a copy of the minutes of the testimony introduced before a grand jury may be taken or read by a person other than the District Attorney, only upon the written order of the court duly made after hearing the District Attorney.
CPL 190.25 (subd. 4) also provides that the grand jury testimony may not be disclosed except upon written order of the court.
The strongest argument of the movant is that there is a public interest not only that the grand jury minutes be kept secret but, on the other hand, that individuals who are victims of a crime be encouraged to come forward and relate any information concerning such crime to the proper authorities without fear of false arrest suits based upon a determination of a grand jury without the right to see the evidence upon which that determination was made and to use it in their defense of an unjust claim against them.
In this case it is the position of the District Attorney that if grand jury, testimony becomes readily available to the public *517 after criminal prosecutions or investigations have ended, potential witnesses may be more reluctant to testify. It is the District Attorney’s further contention that People v. Di Napoli (27 N Y 2d 229, supra) does not authorize release of grand jury minutes to a private litigant.
The Court of Appeals in People v. Di Napoli (supra, p. 237) stated: “ As Wigmore has written — and as our courts have indicated [cases cited] ‘ [i]t is now universally conceded that a witness may be impeached in any subsequent trial, civil or criminal, by self-contradictory testimony * * * given by him before the grand jury.’ ” (Emphasis supplied.)
The Court of Appeals said (p. 236): “ We find no merit in the appellants ’ contention that permission to inspect grand jury minutes has been granted only to those officials or agencies concerned with the administration or enforcement of the criminal law. [Cases cited.] In point of fact, this court, in Matter of Quinn (Guion) (293 N. Y. 787, supra), held that it was permissible to grant inspection of the grand jury minutes to a number of residents of a town who were attempting to remove their town receiver of taxes on the ground of negligence where the grand jury had previously conducted an investigation into his conduct and activities.”
It is the opinion of this court that, as a matter of discretion, the motion of the complainant should be granted directing the District Attorney of Albany County to produce for inspection the Grand Jury minutes in this proceeding, and for reproduction thereof at the complainant’s expense.
Attorneys for complainant to submit order.