Albert H. Buschmann, J.
This motion for the discovery of grand jury minutes was originally brought in the Criminal Term of this court but transferred to Special Term, Part 1, by decision dated January 13, 1975. The motion by plaintiff is made within the framework of a civil action for false arrest, false imprisonment and malicious prosecution and although the motion was originally captioned in the criminal action, *104 the court will nonetheless deem this application to have been so brought and thus will consider the merits.
Plaintiff was indicted for grand larceny in the second degree. On October 9, 1973, on motion by defense counsel at the end of the People’s case, the indictment was dismissed. The instant action was commenced in March, 1974 against the complainants in the criminal case. An order of the court, made after hearing the District Attorney, is required for the disclosure of grand jury testimony. (Judiciary Law, § 325; CPL 190.25, subd. [4].)
The issue precisely framed is whether a plaintiff in a civil action for malicious prosecution can discover the grand jury testimony of the complaining witnesses in the criminal case which forms the basis of the action. Historically, the custom of secrecy became fixed as a legal principle in the Earl of Shaftesbury’s trial in 1681, and by the end of the nineteenth century the use of grand jury minutes became an effective weapon in the preparation of the State’s case. (See 40 Ford-ham L. Rev. 175.) In evolving rules governing the use of grand jury testimony, courts have generally refused to permit disclosure unless the moving party was connected with law enforcement. Thus, in People v Ewald (144 Misc 657), a subcommittee of the New York City Bar Association investigating the activities of the Chief Clerk of the City Court was denied access to the clerk’s grand jury testimony. The court stated, "no reported decision has gone the length of permitting over objection an inspection of the minutes of the grand jury in a noncriminal investigation”. (People v Ewald, supra, 660; see, also, People v "Doe", 47 Misc 2d 975, affd 24 AD2d 843; Dworetzky v Monticello Smoked Fish Co., 256 App Div 772; Matter of Grand Jury of Erie County, 192 Misc 857; Matter of People ex rel. Sawpit Gymnasium, 60 NYS2d 593.)
However, the first time the Court of Appeals had the question before it, it affirmed, without opinion, the lower court’s exercise of discretion in granting the disclosure of grand jury minutes to residents of the Town of Mt. Pleasant to aid them in proceedings to remove the Receiver of Taxes. (Matter of Quinn, 293 NY 787.) In People v Di Napoli (27 NY2d 229, 234), the Court of Appeals clarified its position: "We start with the proposition that secrecy of grand jury minutes is not absolute.” Disclosure rests in the discretion of the Trial Judge who must balance public interest in disclosure against that in secrecy. Ascribing as reasons for the mainte *105 nance of secrecy, the court listed (p 235): "(1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely.”
Thus in Di Napoli the interest of the public in disclosure prevailed, especially in view of the fact that the grand jury proceeding was concluded two years before, which neutralized the effect of the first four factors, and further that the witnesses before the grand jury could have reasonably anticipated an inquiry by a governmental body. Citing Matter of Quinn (supra), the court found no merit in the contention that permission to inspect grand jury minutes should be given only to officials or agencies concerned with the enforcement or administration of criminal law. There is one caveat: "Quite obviously, our affirmance will not sanction any general disclosure or widespread publication of the minutes.” (People v Di Napoli, supra, p 237.) Thus the court perceives the Di Napoli rule, involving, as it did, the Public Service Commission’s investigation of Consolidated Edison and Brooklyn Union Gas Company in the public interest, to be authority for general disclosure where the issues relate to either law enforcement or to the public interest.
There appears to be only one case which has permitted a civil private litigant to discover grand jury testimony. (People v Carignan, 76 Misc 2d 515.) That case extended the Di Napoli rule to a defendant in a false arrest suit which was premised on the grand jury’s finding of "no bill” against the defendant (plaintiff therein). It is not clear from the Carignan case, however, whether reliance was not really placed on the use of grand jury testimony for the limited purpose of impeachment. (People v Di Napoli, supra; People v Rosario, 9 NY2d 286, cert den 368 US 866; Foley v City of New York, 75 Misc 2d 664; Kruger v County of Nassau, 53 Misc 2d 166.)
In any event, this court will not extend the rule further to permit discovery by the plaintiff in a false arrest or malicious prosecution suit. The Court of Appeals in Di Napoli indicated that disclosure, under the circumstances there, would not (p *106 236) "have a chilling effect on the ability of future grand juries to obtain witnesses.” Manifestly, the opposite is true under the instant facts. Thus, public interest in secrecy here outweighs the private interest in disclosure. Further, if the instant defendants took the stand on the People’s case, plaintiff had an opportunity to utilize their grand jury testimony to impeach their credibility. Such should appear in the trial record to which plaintiff is entitled. In any event, the Trial Judge, upon the trial of this action, may permit the use of grand jury testimony for impeachment purposes should the defendants take the stand, and this determination is without prejudice to such an application.
Thus, the question is answered in the negative and the motion is denied.