William C. Brennan, J.
This is an application by the John Hancock Mutual Life Insurance Company (hereinafter referred to as the insurance company) for an order directing the District Attorney to furnish the Insurance Company with a copy of the Grand Jury testimony in the. above-captioned matter.
The insurance company is being sued in the Civil Court, Queens County. The defense to its suit raises the question of whether one Paul M. Moore died as a result of his participation in a felony. The matter was presented to a Queens County Grand Jury which referred it to the Criminal Court where a final disposition was reached. It is the insurance company’s contention that the testimony before the Grand Jury will support its defense.
Although disclosure of a Grand Jury proceeding has been allowed in an unrelated matter (People v Di Napoli, 27 NY2d 229), courts have generally limited the circumstances under which such disclosure will be granted. Where the Grand Jury testimony of a named defense witness has been sought for the purpose of cross-examination by plaintiff in a wrongful death action, the motion has been granted (Foley v City of New York, 75 Misc 2d 664; Marinelli v State of New York, 71 Misc 2d 62). In each of the above cases the application was granted solely for the purposes of cross-examination of an adversary’s witnesses.
In the instant case the insurance company’s request is strictly in the nature of pretrial discovery. The application is not addressed to the testimony of a named witness nor does it appear that the insurance company knows who testified before the Grand Jury. In short, the applicant has not set forth sufficient reasons to persuade the court that the confidentiality of the Grand Jury proceeding should be breached at this time.
*271 Should it be shown that the Grand Jury testimony of a named individual is needed for cross-examination, the motion may be renewed upon proper papers.
The insurance company’s alternative application, namely for a copy of the Criminal Court minutes of the trial in the criminal matter, needs no court order. The trial is a public proceeding and the minutes may be obtained merely by ordering them from the court reporter and paying the fee.
The motion is denied in all respects.