Albert Orenstein, J.
The above-named plaintiff seeks an order directing the District Attorney of Onondaga County to produce the minutes and attached exhibits of two grand jury proceedings in which possible criminal liability for the death of one Jeremiah Mitchell was considered. No-bills were returned on each occasion by the respective grand juries involved.
Mitchell was shot to death in 1970 by a City of Syracuse police officer and the grand jury minutes are sought in aid of an action for money damages instituted in the Supreme Court of Onondaga County by Berthaetta Herring, individually and as administratrix of the Estate of Jeremiah Mitchell. In her amended complaint plaintiff alleges that Mitchell’s death was caused by acts of negligence and excessive use of force on the part of Officer Paul Larkin, and by negligence on the part of the City of Syracuse and its police force in hiring and training Larkin.
It is the plaintiff’s contention that for purposes of this civil *1062 suit, the grand jury minutes and exhibits are a proper subject of discovery. She points out that the incident involved occurred five years ago, so that her ability to ascertain the facts involved and the identity of persons who know those facts is severely limited. Also, it is asserted that the prior testimony of those who may be witnesses at a prospective trial of this action is essential for purposes of possible impeachment, or to refresh recollection. Basically, plaintiff argues that her motion should be granted in the interest of justice.
The District Attorney’s office opposes the motion herein for all the reasons usually cited in urging secrecy as to grand jury proceedings. Both sides have surveyed relevant cases, and each asserts a trend in the law supporting its position.
In the leading case of People v Di Napoli (27 NY2d 229, 236), the Court of Appeals cites a long line of cases as evidence that grand jury minutes have been made available in this State to aid governmental investigations in the public interest. Plaintiff may not rely entirely upon those cases, however, for her’s is a civil suit seeking money damages. Characterization of the defendant herein as a public official does not alter the nature of the case.
There is, however, language in Di Napoli, from which plaintiff may draw support. On page 327, the court states that "publication — use of a witness’ grand jury testimony for impeachment purposes — is commonplace and perfectly proper”. Indeed, a reading of those cases in which grand jury minutes have been sought in aid of a private suit indicates that access has been granted consistently for purposes of impeachment and cross-examination. (See Foley v City of New York, 75 Misc 2d 664; Marinelli v State of New York, 71 Misc 2d 62; Kruger v County of Nassau, 53 Misc 2d 166.)
This court holds on the basis of clear precedent, then, that plaintiff is entitled to a copy of the grand jury testimony of those witnesses who testify at the prospective trial of this action. Furthermore, this ruling will apply to witnesses called by either side, and such testimony may be used not only for impeachment, but also to refresh recollection or lead a hostile witness. It is therefore ordered that the grand jury minutes involved be turned over to the custody of the appointed Trial Justice, who will make pertinent portions thereof available as witnesses are called to testify.
The above decision implies a denial of plaintiff’s further request that all grand jury minutes be made available prior to *1063 trial to aid in the preparation of her case. In support of this request, emphasis was placed upon that portion of the Di Napoli decision which held that the traditional reasons for grand jury secrecy were inapplicable in cases where proceedings had long since concluded.
This court agrees that the possibility of flight by the accused, the protection of grand jurors, and the prevention of subornation of perjury are not relevant to this case. However, it is not so easy to deal with policy considerations involving protection of an innocent accused, and assurances to prospective grand jury witnesses that their testimony will be kept secret. It must be noted that in Di Napoli, each accused had been subsequently convicted upon a guilty plea, whereas no indictment was found in this case. Furthermore, in People v Di Napoli (supra, p. 236): "Concerning the last reason listed above — assurance to prospective witnesses that their testimony will be kept secret to encourage their giving of testimony — we believe it may not be said that the disclosure here ordered will have a chilling effect * * * The Commission, far from being an 'outsider’, is a governmental investigatory body”.
It is clear, then, that the Court of Appeals continues to recognize a distinction between cases concerning a public investigation and those involving an "outsider” or private civil litigant. Indeed, in the latter cases, access to grand jury minutes has not been granted for discovery purposes, prior to trial. (See Foley v City of New York, supra; Marinelli v State of New York, supra; Kruger v County of Nassau, supra.) This court notes the liberalized and open approach to discovery inherent in CPLR article 31. It would appear that the plaintiff has many avenues of discovery open to her which would not conflict so directly with competing principles of secrecy, as does her requested inspection of grand jury minutes.
This motion is, therefore, denied insofar as it seeks general access to grand jury minutes for discovery purposes prior to trial. However, this court recognizes the compelling need plaintiff has demonstrated. The facts of this case have been obscured by time, and the diligent use of other costly discovery methods has thus far failed to clarify issues or reveal vital information. Plaintiff’s motion is, therefore, denied without prejudice, in that she may renew her request for inspection prior to trial as to specific exhibits, or the testimony of *1064 designated individuals, upon a showing of particular need with regard to such information.