LYNDA JONES, Individually and as Administratrix of the Estate of HERBERT L. JONES, Respondent, v STATE OF NEW YORK, Defendant. PRESENT AND FORMER STATE TROOPERS, Intervenors-Appellants. (And 22 Other Claimant Actions.)

Fourth Department, February 26, 1981

### APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning, P. C. (Bernard Malone* and *Peter L. Rupert* of counsel), for intervenors-appellants.

*Cunningham, Pares & Renda (William J. Cunningham* and *Susan S. Hogan* of counsel), for respondent.

### OPINION OF THE COURT

SIMONS, J.

Claimant Jones seeks to recover damages for the wrong-

ful death of her husband resulting from the alleged willful assault on him by the State Police during the retaking of Attica Correctional Facility in September, 1971 (see *Jones v State of New York*, 33 NY2d 275). Her action has been joined with 22 similar claims. While the claimants were engaged in trial in the Court of Claims, they requested a recess and brought this motion before a Special Term of Supreme Court for limited discovery and inspection of the Attica Grand Jury minutes. They seek the minutes for two purposes. First, they allege that they have subpoenaed over 20 witnesses and that each has refused to testify in the civil actions on grounds of self incrimination. Claimants assert that the witnesses may not do so, without risking contempt, because they received immunity by testifying before the Grand Jury. They request, therefore, that the Grand Jury minutes be delivered to the Trial Judge so that he may determine whether the witnesses received immunity when testifying before the Grand Jury. Second, claimants assert that, if witnesses testify in the civil trial who have previously testified before the Grand Jury, claimants should be permitted to use portions of the Grand Jury minutes to impeach them, refresh their recollection or to lead them as hostile witnesses.

Justice CONABLE, presiding at Wyoming County Special Term, granted claimants' motion and the intervenors, present and former State troopers, appeal.[1] They contend that the court erred because under familiar rules of *res judicata*, a previous order denying claimants' discovery foreclosed the matter (see *Matter of Carey*, 92 Misc 2d 316). Furthermore, they claim that even if relief is not barred by the prior order, the court abused its discretion in permitting disclosure in aid of a civil proceeding to recover damages.

# I

In 1977 Governor Carey and Attorney-General Lefkowitz applied to the court for permission to publish volumes II and III of the Meyer Report on the Attica investigation containing excerpts of Grand Jury minutes. Claimants

---

1. The State also appealed but subsequently withdrew its appeal.

joined in that application, moving for general disclosure. Justice BALL, who was presiding at that time, denied the motions *(Matter of Carey,* 92 Misc 2d 316, *supra)*. Since claimants did not appeal Justice BALL's order, intervenors contend that they are now bound by it.[2]

The applicable legal doctrine is law of the case. That principle provides that a determination on the merits of the same point within the same litigation binds the parties and also Judges of co-ordinate jurisdiction (see Siegel, New York Practice, § 443, p 587; § 448). As an appellate court, we are free to grant the relief requested, however, because the prior determination does not bind us (see *Klein v Smigel,* 44 AD2d 248, 250, affd 36 NY2d 809; see, generally, 10 Carmody-Wait 2d, NY Prac, § 70:406).

But further than that, Justice CONABLE was not foreclosed from ruling on the merits of the motion, because the present application seeks relief substantially different from that denied in the prior order. Undoubtedly, Justice BALL would have abused his discretion had he released the minutes to private litigants for general discovery or trial preparation (see *People v Di Napoli,* 27 NY2d 229, 237; *Matter of City of Buffalo [Cosgrovel],* 57 AD2d 47, 50; *Albert v Zahner's Sales Co.,* 51 AD2d 541, affg 81 Misc 2d 103). Indeed, one Court of Appeals decision indicates he would have exceeded his power if he had granted such relief (see *Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15). But a court may do for some purposes that which it is without power to do in other circumstances. Claimants' present application was made after the start of the trial and they seek the minutes only to insure that available witnesses testify and that they testify fully and accurately. Justice CONABLE properly entertained the motion on the merits.

## II

It is settled law that the release of Grand Jury minutes rests in the sound discretion of the court *(People v Di Napoli,* 27 NY2d 229, 234-235, *supra; Matter of Carey*

---

2. The Governor and the Attorney-General did appeal and the order was affirmed *(Matter of Carey [Fischer],* 68 AD2d 220).

[*Fischer*], 68 AD2d 220, 227, *supra; Matter of Corporation Counsel of City of Buffalo* [*Cosgrove*], 61 AD2d 32, 35; *Matter of City of Buffalo* [*Cosgrove*], 57 AD2d 47, 49, *supra; Matter of Scotti*, 53 AD2d 282, 287-289; Judiciary Law, § 325; CPL 190.25, subd 4). When considering such an application, the court must balance the public interest in the secrecy of Grand Jury proceedings against the same public interest served by disclosure. The decision may turn on who the applicant is, what he seeks and the purpose for which he seeks it. Limited publication granted to a public official or agency to further some official duty in protecting the public interest is at one end of the spectrum (see *Matter of Scotti*, 53 AD2d 282, *supra*). The other extreme is general discovery sought by a private litigant to prepare for litigation, relief so rare that only one case in which it has been granted is called to our attention and that a case in which there were public interest overtones *(Matter of Quinn* [*Guion*], 267 App Div 913, affd 293 NY 787).

Traditionally, the decision to publish or not has been resolved by testing the application against the five considerations enumerated by Chief Judge FULD in *People v Di Napoli (supra,* p 235) : (1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the Grand Jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely. As the parties recognize, most of these do not concern us in this case. The Attica proceedings have been concluded by order of the Governor and the only purpose to be served now by nondisclosure is the assurance of secrecy for witnesses in future proceedings. Arrayed against that is the not insubstantial consideration of the public's right to access to the courts and its process. Some trial-level courts have found, and we think correctly so, that there may be publication in cases similar to this (see *Herring v City of Syracuse*, 81 Misc 2d 1060, 1062-1063;

*Foley v City of New York,* 75 Misc 2d 664, 665; *Marinelli v State of New York,* 71 Misc 2d 62; *Kruger v County of Nassau,* 53 Misc 2d 166, 167; *People v Purvis,* 41 Misc 2d 787, 788; *Matter of Scro,* 200 Misc 688, 692; see, also, *People v Di Napoli,* 27 NY2d 229, 237, *supra,* and authorities cited thereat). Considering the scope of the disclosure which claimants seek and the purpose for which they seek it, Special Term did not abuse its discretion in granting the order.

The order should be affirmed.

CARDAMONE, J. P., HANCOCK, JR., and MOULE, JJ., concur.

Order unanimously affirmed, with costs.