■ In the Matter of the Application by U.S. AIR FOR THE DISCLOSURE OF GRAND JURY TESTIMONY with Respect to DORLESCA SALANGER. — Order unanimously reversed, with costs, and motion denied. Memorandum: U.S. Air applied to County Court for an order compelling disclosure of all Grand Jury testimony in the case of *People v Salanger* for use in preparing for a civil trial. The court granted the motion and ordered the District Attorney to turn over the Grand Jury minutes to a Federal District Judge for use, by him or by the parties to the civil action, as he may deem proper. The District Attorney appeals. Dorlesca Salanger had been dismissed by U.S. Air from her employment as a ticket agent following her arrest on criminal charges that she stole money she had collected from airline customers. After a Grand Jury returned a no-bill on these charges, she requested reinstatement to her position. When her request was refused, she brought a suit against U.S. Air alleging that U.S. Air committed a discriminatory act by terminating her employment solely on the basis of a criminal arrest that was disposed of in her favor (see Executive Law, § 296, subd 16). It is for use in this civil action that U.S. Air sought the Grand Jury minutes. Rarely will general discovery of Grand Jury minutes be granted for use in a civil action between private litigants (*Jones v State of New York*, 79 AD2d 273, 276; see, also, *Matter of People [Judge]*, 88 AD2d 789). Disclosure of Grand Jury minutes is the exception rather than the rule and one seeking disclosure must first demonstrate "a compelling and particularized need for access" (*Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444). Mere relevance is insufficient (*Matter of District Attorney of Suffolk County, supra*). Since U.S. Air has failed to demonstrate such need, the court should have denied its application for disclosure of the Grand Jury minutes for use in preparing for trial. Although, in a proper case, the court may order the release of Grand Jury minutes for use at a civil trial for the limited purposes of impeachment and of leading a hostile witness (see, e.g., *Jones v State of New York*, 79 AD2d 273), here, there was no showing of a particularized need for such purposes and the application was not addressed to the testimony of a named witness (see *Herring v City of Syracuse*, 81 Misc 2d 1060; *Matter of John Hancock Mut. Life Ins. Co.*, 81 Misc 2d 269). (Appeal from order of Onondaga

County Court, Burke, J. — disclosure.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.