■ In the Matter of SAM J. LORIA, Respondent. DISTRICT ATTORNEY OF MONROE COUNTY, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The applicant was shot by a town police officer acting in the line of duty. Prior to instituting suit against the town and the police officer, he applied for inspection of all physical evidence, information and memoranda relating to the incident in the possession of the District Attorney. The court granted the application and the District Attorney appeals. The order appealed from must be modified by reversing that part granting inspection of such material. The applicant is not entitled to presuit disclosure since he has not demonstrated that he lacks sufficient information to frame a complaint (see *Matter of Verdon v New York City Tr. Auth.,* 92 AD2d 465; *Matter of Timeplex, Inc.* [*Racal-Milgo Ltd.*], 87 AD2d 753; *Matter of Ryan v Marsh & McLennan Int.,* 70 AD2d 567; *Matter of Milbank v Milbank,* 35 AD2d 940). Even if suit had been instituted, the motion for inspection should not have been granted, since the applicant made no showing of "adequate special circumstances" necessary to obtain disclosure from a nonparty witness (CPLR 3101, subd [a], par [4]). Moreover, in granting the motion, Special Term failed to consider whether any of the material it ordered disclosed was "evidence obtained by a grand jury" within the meaning of CPL 190.25 (subd 4). Rarely is such disclosure granted in aid of a civil action (see *Matter of District Attorney of Suffolk County,* 58 NY2d 436; *Matter of U.S. Air* [*Salanger*], 97 AD2d 961; *Jones v State of New York,* 79 AD2d 273). The order also requires the District Attorney to retain and preserve the physical evidence and information pending the determination of the action to be commenced. The District Attorney argues that this provision is not necessary since he is required by section 65-b of the Public Officers Law to retain such information for at least 10 years. This section, however, applies only to records, papers and documents and not to physical evidence. We see no

reason, therefore, to reverse that part of the order which requires preservation of the matters sought. (Appeal from order of Supreme Court, Monroe County, Patlow, J. — preaction disclosure.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.