THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY HIRSCHBERG, Relator, *v.* THE BOARD OF SUPERVISORS OF ORANGE COUNTY, Respondent.

*Counties — certiorari to review proceedings of board of supervisors in auditing claim under County Law, § 240, subd. 16, for reasonable costs and expenses of relator in proceeding before Governor for removal of relator's successor from office of district attorney — board not limited to strict rules of evidence — board had power to decide that proceedings were instituted without probable cause — proceeding dismissed.*

Certiorari issued out of the Supreme Court and attested on the 12th day of March, 1921, directed to the board of supervisors of the county of Orange, commanding them to certify and return to the office of the clerk of the county of Orange all and singular their proceedings had in auditing relator's claim for his " reasonable costs and expenses " under subdivision 16 of section 240 of the

County Law,* in proceedings before the Governor of the State for the removal from office of his successor as district attorney of Orange county.

Certiorari proceeding dismissed, with costs. The board of supervisors were not limited to the strict rules of evidence prevailing in legal proceedings. (*People ex rel.· McHenry* v. *Board of Supervisors*, 140 App. Div. 759, 761.) While there are some errors in both the admission and rejection of evidence, such errors are not vital. Upon the record, it was within the power of the board of supervisors to find that the institution of proceedings for the removal of the district attorney was not founded on probable cause. (*People ex rel. Nash* v. *Board of Supervisors*, 164 App. Div. 89.) The board did not find that the statute under which the charge was made was unconstitutional, but that the charge was made without probable cause; and that they refused to apply the law unconstitutionally. Jaycox, Kelby and Kapper, JJ., concur; Kelly, P. J., reads for a reversal of the determination of the board of supervisors and to remit the relator's claim for proper audit pursuant to law, with whom Manning, J., concurs.

KELLY, P. J. (dissenting): I am unable to agree with my brethren in their affirmance of the action of the board of supervisors and dismissal of the certiorari proceedings. I have great difficulty in reaching a conclusion on the question presented by the relator in this voluminous record. 1 agree that a board of supervisors acting as a board of audit is not bound by strict common-law rules of evidence, and that its determination should not be reversed for error in the exclusion or admission of evidence unless such error clearly affected its determination to the prejudice of the relator. (*People ex rel. Cochran* v. *Town Auditors*, 74 Hun, 83; *People ex rel. Sutliff* v. *Supervisors*, Id. 251; *People ex rel. McHenry* v. *Board of Supervisors*, 140 App. Div. 759; *People ex rel. County of Delaware* v. *State Tax Comm.*, 184 id. 691.) I would not vote to reverse the finding of the board because of the errors alleged by the relator in the reception of evidence. I think that while some of the rulings of the auditing committee may not have been in strict accordance with the common-law rules of evidence, all of the matters admitted were properly before the board. It is not the rulings admitting evidence that cause me to hesitate, so much as the rulings excluding evidence offered by the relator to explain his activities in presenting and prosecuting the charges against his successful opponent in the contest for the office of district attorney at the election in 1918. If the relator acted in good faith in presenting the charges against his successful opponent to the Governor, requesting an investigation by the Attorney-General, and the Governor saw fit instead to order the proceeding before a commissioner to be conducted by the relator, I think his reasonable costs and expenses in conducting such proceedings would be a county charge, even though the charges were subsequently dismissed, provided always that the relator was acting in good faith and that there were reasonable grounds for his charges against his successful opponent, who at the time the charges were preferred had taken office as district attorney. This was the reason for the decision of this court when we affirmed the mandamus order commanding the board to audit the claim and to receive in support thereof such legal proof as the relator might offer. (*People ex rel. Hirschberg* v. *Supervisors*, 192 App. Div. 914.) Objection was made that the relator was not acting in good faith in preferring the charges

---

* Since amd. by Laws of 1922, chap. 384.— [REP.

to the Governor. After the election in 1918, at which relator was defeated by a comparatively small majority, he took the oath as district attorney, asserting that there were illegalities in the claimed election of his opponent, which entitled relator to the office. But instead of instituting proceedings to test the title to the office in the nature of quo warranto, he resorted to the complaint to the Governor which involved not only the alleged illegalities at the election but charged his successor with malfeasance in office. It seems to me that it all gets down in the end to the question of relator's good faith and whether there was reasonable justification for his charges. I do not attempt to say that he did in fact act in good faith or that there was reasonable ground for his complaint against his successor. But after reading this lengthy record of the proceedings before the Governor's commissioner who reported in favor of dismissing the charges, and the proceedings on the so-called audit held under the mandamus order of the court, I am impressed with the belief that the relator was not given a fair hearing before the auditing committee. The entire proceeding before the committee compelled by the mandamus issued by the court, indicates to me that it was conducted from start to finish with the design that the result should be the same as in the original presentation of the relator's bills when the board of supervisors rejected them without audit on the ground that they were not proper county charges. Indeed, when the board of supervisors, in what appears to me to have been a mere *pro forma* compliance with the mandamus order of the court, proceeded to audit the relator's claims and finally rejected them, they filed an opinion attacking the relator's motives, charging him with conspiracy and subornation of perjury, and stating their additional conclusion that payment of the bills was prohibited by the State Constitution,* and that an unsuccessful complainant was not entitled to collect his expenses in any case and that they believed that payment of the charges "is contrary to public policy." It is very evident to me that the sub-committee which conducted the alleged audit of the relator's claims was determined from the outset to reject them. The record shows that the objections of the county attorney were invariably sustained and the objections of the relator invariably overruled. Some of these rulings may have been proper, but in most cases the objections of the county attorney might well have been omitted, and the liberal rules adopted as to evidence against the relator might well have been applied to the evidence offered in his behalf. The new district attorney whose acts and conduct were complained of does not appear to have been called to offer any explanation of the charges; the whole proceeding seems to have been a somewhat farcical attempt to obey the command of the writ of mandamus by a tribunal which had already decided the matter. Despite the liberality in reviewing the procedure of such committees or boards, this record seems to me to violate the principle that a litigant, no matter how bad a man he may be, is entitled to a fair hearing and trial of his alleged grievance. It may be that the relator, who had been defeated at the election, was actuated by improper motives in making these charges. I do not decide that question. If he acted in bad faith the supervisors are justified in rejecting his claims. But I cannot approve the proceedings shown by the record returned to this court which resulted in the rejection of the relator's claims. It is unfortunate that this matter

---

* See Const. art. 8, § 10.— [REP.

should be sent back for a rehearing, because even with the evidence offered by the relator and improperly, as I believe, excluded, the board of supervisors might still decide that he was not actuated by proper motives, but I cannot accept the proceedings of the board as shown by the record here, as a basis for affirming their decision. I, therefore, vote to reverse the determination of the board of supervisors and to remit the relator's claim for proper audit pursuant to law.

Manning, J., concurs.