Esther James, Respondent, v. Adam C. Powell, Jr., Appellant.

First Department, July 11, 1968.

*Henry R. Williams, Lawrence R. Bailey, Thomas V. Sinclair, Jr., William C. Chance, Jr., Lucille Chance* and *Albert Aspinal* for appellant.

*Raymond Rubin* for respondent.

*Per Curiam.* Two appeals are before the court. The first is from an ex parte order dated November 28, 1966. Such orders are not appealable (CPLR 5701, subd. [a], par. 2; *Haner* v. *Van Buren,* 240 App. Div. 800). The notice of appeal states that the ex parte order was issued pursuant to a prior order dated November 17, 1966. However, the notice nowhere states that the latter order is being appealed from. The notice consequently fails to bring that order up for review. There being no appealable order before the court, the appeal must be dismissed.

The second appeal is from an order entered November 30, 1966, which order denied a motion to vacate the afore-mentioned ex parte order. Such orders are appealable as of right only where the prior order, had it been on notice, would have been appealable as of right (CPLR 5701, subd. [a], par. 3). Here the prior order is the ex parte order. The ex parte order recites the findings and ordering provisions of the order of November 17, 1966, which found the appellant guilty of criminal contempt, directed his fine and imprisonment, and further directed him to surrender to the Sheriff on November 23, 1966; and in the event of his failure to surrender, that an ex parte order may issue to the Sheriff to take him into custody. While the ex parte order repeats the findings of contempt and the punishments therefor, its only effective provision is the direction to the Sheriff to enforce the provisions of the prior order. The prior order not having been appealed, we are bound to assume its validity, so the only questions left on appeal from the ex parte order, had that order been on notice, would be questions as to its form. Significantly, only such questions are raised in the notice of motion to vacate.

Of these questions there are two. The first concerns the completeness of the recitals, which we find to be in order. The second refers to the permission in the order to execute the same on a Sunday. As the defendant has already surrendered to the Sheriff, this question is academic.

The appeal from the order entered November 28, 1966 should be dismissed, without costs and without disbursements.

The order entered November 30, 1966, should be affirmed, without costs and without disbursements.

BOTEIN, P. J. (dissenting). " Criminal contempt is a crime in the ordinary sense," we have recently been reminded; " it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both " (*Bloom* v. *Illinois,* 391 U. S. 194, 201). The right of appeal from an adjudication entailing loss of liberty and reputation is a valuable right, and if there are doubts as to the technical adequacy of its exercise they should

be resolved in favor of the accused. Applying this standard, the notice of appeal may be ill phrased; but in the light of appellant's evident expectation, expressed in written and oral argument, that the merits of the November 17, 1966 order were raised and were before us, I am not prepared to construe the notice so narrowly as to deprive him of an important right. This conclusion would appear to accord, I may add, with the spirit of CPLR 5520 (subd. [c]) and section 524-c of the Code of Criminal Procedure (cf. Twelfth Annual Report of N. Y. Judicial Conference, 1967, pp. 337, 252, and Judicial Conference Memorandum, McKinney's 1967 Sess. Laws, p. 1466). In my opinion we are required to review the adjudication of November 17, 1966 and any nonfinal order necessarily affecting it in accordance with CPLR 5501 (subd [a], par. 1). Accordingly, I must dissent and vote to entertain this appeal.

STEUER, TILZER and McNALLY, JJ., concur in *Per Curiam* opinion, dismissing appeal from order entered November 28, 1966; BOTEIN, P. J., dissents and votes to entertain the appeal in opinion, in which RABIN, J., concurs.

BOTEIN, P. J., STEUER, TILZER, RABIN and McNALLY, JJ., concur in affirmance of the order entered November 30, 1966.

Appeal from the order entered on November 28, 1966, dismissed, without costs or disbursements.

Order entered on November 30, 1966, unanimously affirmed, without costs or disbursements.