John H. Pennock, J.
The defendants in a civil action for malicious prosecution, slander and assault move this court for an order authorizing, permitting and compelling the discovery, inspection, disclosure and the right to make copies of the minutes of the Rensselaer County Grand Jury which had entertained the alleged penal aspect arising from the same set of facts and between the same parties.
The District Attorney opposes the motion for inspection of the Grand Jury minutes based primarily on the premise that the Grand Jury minutes are privileged and can only be inspected in the furtherance of justice.
The movant defendant claims that it may have a defense to the malicious prosecution action as a matter of law.
The court determines that there is no general right for a plaintiff in a civil action to scrutinize the Grand Jury minutes in aid of a civil suit. (Code Crim. Pro., § 952-t; Semple v. County Trust Co., 255 App. Div. 794; Matter of Martin, 170 Misc. 919.) I do not believe the rule of the People v. Rosario case which allows inspection of any statements for use on cross-examination at the prerogative of the defendants’ counsel should be extended to a civil action. (People v. Rosario, 9 N Y 2d 286.) Such practice would be contrary to the historical secrecy of Grand Jury proceedings. Of course, if the defendant in a civil case requires the minutes at a trial such could be made available for credibility purposes. (Kruger v. County of Nassau, 53 Misc 2d 166.)
Motion is denied.