In the Matter of MYRON EPSTEIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 4, 1971.

*John G. Bonomi* of counsel (*Patrick J. Moynihan* with him on the brief), for petitioner.

*Sanders I. Epstein* of counsel (*David B. Friedland,* attorney), for respondent.

*Per Curiam.* Respondent, in this proceeding pursuant to section 90 of the Judiciary Law, is before the court following hearings on a charge before a Referee. He was admitted to the Bar in the Second Judicial Department on October 26, 1949.

He has admitted in substance that in or about June, 1965 he participated as an intermediary in negotiating an unlawful payment to an employee of the State Liquor Authority in order to obtain a favorable disposition of a then pending investigation of one of his clients. The Referee has found him guilty of the charge and we confirm the report of the Referee. It is claimed by respondent that the prosecution of this disciplinary proceeding was without warrant in law due to the immunity which had been conferred on him when he testified on the subject matter of the charge, before a Grand Jury of the County of New York, and further that the evidence obtained and used against him was obtained and used in violation of the respondent's rights under the Constitutions of both the United States and of the State of New York. His claim that the prosecution of this disciplinary proceeding was without warrant in law because the only evidence introduced by petitioner in support of the charges was the respondent's testimony before the Grand Jury must be rejected. (See *Matter of Ungar,* 27 A D 2d 925, mot. for lv. to app. den. 20 N Y 2d 642, cert. den. 389 U. S. 1007; *Matter of Farrell,* 27 A D 2d 61; *Matter of Klebanoff,* 27 A D 2d 332 and *Matter of Selig,* 32 A D 2d 213. ) The challenge made by respondent to the procedure used in obtaining the minutes of respondent's Grand Jury testimony must be rejected. It was in accord with applicable law. (*People* v. *Di Napoli,* 27 N Y 2d 229.)

There is no doubt as to respondent's culpability. He may have acted, stupidly, as he put it, but he did not act innocently.

The charge, as sustained against the respondent, constitutes serious professional misconduct involving bribery of public officials, and ordinarily would require disbarment of the attorney involved. (*Matter of Farrell,* 27 A D 2d 61; *Matter of Thaler,* 30 A D 2d 166.)

However, in mitigation, it appears that all of the evidence relates to a single attempted transaction and it should not be assumed that respondent will ever engage in another '' deal '' of this type. We have also considered respondent's 22 years of unblemished practice as a lawyer; the fact that he is a family

man with two teen-age daughters; that it appears he has been held in high esteem and confidence by fellow attorneys, as well as clients.

Except for the mitigating circumstances aforesaid, we would disbar the respondent. Under the particular circumstances, however, he should be suspended from practice for a period of 18 months and until further order of this court.

McGIVERN, J. P., MARKEWICH, NUNEZ, McNALLY and TILZER, JJ., concur.

Respondent suspended as an attorney and counselor at law in the State of New York for a period of 18 months, effective December 6, 1971.