Moses M. Weinstein, J.
Petitioner herein seeks an order granting an inspection of the Grand Jury minutes.
The petitioner in this action, Nicholas Scoppetta, Commissioner of the Department of Investigation of the City of New York, moves this court, pursuant to CPL 190.25 (subd 4), for a written order permitting inspection of the Grand Jury minutes in the case of People v Werfel (Indictment No. 1622/73).
It is petitioner’s contention that the office of the Department of Investigation, as part of its official duties, is obligated to investigate the background of individuals being considered for sensitive positions within the government of the City of New York and that Abraham Werfel, a prominent Queens attorney who was the defendant in the above-mentioned action, is presently being considered for appointment to a judicial position.
In his moving papers, petitioner indicates that during the course of a background investigation the Department of Investigation was advised that Mr. Werfel had been arrested in 1973 and charged with violations of articles 205 and 220 of the Penal Law. As a result of such charges, Mr. Werfel testified before the Grand Jury, County of Queens, in the May 1973 Term. After considering the evidence presented, the Grand Jury found no indictment against Mr. Werfel.
*1031 Thereafter, on May 15, 1975, the Department of Investigation made application for an order to inspect the minutes of the afore-mentioned Grand Jury before Mr. Justice Dubin for the purpose of examining the background of the candidate for the judiciary. The application was granted to the limited extent that the commissioner was permitted to examine the testimony of Mr. Werfel alone but could not examine any other witness’ testimony.
Petitioner now seeks an inspection of the entire Grand Jury proceeding, alleging that his office cannot properly fulfill its duty of investigation in the case of Mr. Werfel without examining the total Grand Jury record.
A motion of this nature rests upon the premise that the secrecy of the Grand Jury is not absolute (People v Massry, 66 Misc 2d 222), and CPL 190.25 (subd 4) permits disclosure "upon written order of the court”. Such determination is addressed to and rests in the Trial Judge’s discretion (People v Di Napoli, 27 NY2d 229; Matter of Quinn, 293 NY 787). In exercising such discretion, the court "must balance the competing interests involved” (People v Di Napoli, supra, p 234), that is, the public interest in disclosure against the normal secrecy of the Grand Jury. Basically, the test seems to be: Would the public interest best be served by permitting disclosure at this time? In considering this question, the court normally starts out by weighing the traditional reasons for safeguarding the Grand Jury minutes against the possible advantages to be gained by releasing such records. The normal reasons for secrecy (People v Di Napoli, supra, p 235) seem to be: "(1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if, in fact, no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely.”
Applying these criteria to the facts at hand, the court takes note that the original Grand Jury indictment was dismissed in 1973 and the action has terminated in all respects. Thus, there appears to be no danger to any current Grand Jury proceeding or criminal investigation. Nor could any violation of the Grand Jury secrecy be said to have a detrimental effect *1032 on future Grand Juries since all said bodies are under an obligation to act in accordance with the law.
In addition, it is to be noted that the candidate for such office, as well as five other witnesses who appeared before the Grand Jury, have filed a written consent to the release of their testimony; so there can be no question as to violation of individuals’ rights. Also, the District Attorney’s office itself feels that public policy would best be served by releasing the full transcript of these minutes.
In considering petitioner’s application, this court takes cognizance of the fact that the majority of released Grand Jury testimony has been for the purpose of aiding criminal investigations or dealing with possible malfeasance in public office. However, it is clear that the scope of public interest is quite broad and should not be restricted solely to criminal matters. As was pointed out in Marinelli v State of New York (71 Misc 2d 62, 63), "an inspection can be had in aid of proceedings other than criminal, but only to protect the rights of the public”. Thus, while the administrative needs of a municipality may be less dramatic than an investigation of crime, both functions are necessary to protect the public.
Based upon the above, this court concludes that inspection by a duly authorized municipal agency in furtherance of its administrative purpose is justified here and that the public benefits of securing well qualified jurists outweigh any potential harm.
The application is therefore granted to the extent that the Department of Investigation of the City of New York, through its commissioner and agents, be permitted to inspect the Grand Jury minutes containing all the testimony before the April 1973 Grand Jury in the matter entitled People v Werfel (Indictment No. 1622/73).