In the Matter of ALFRED J. SCOTTI, as Special Deputy Attorney-General, for an Order Authorizing the Transmission of the Minutes of Certain Grand Jury Testimony to the Superintendent of State Police for Use in Departmental Disciplinary Hearings.

In the Matter of ALFRED J. SCOTTI, as Special Deputy Attorney-General, for an Order Authorizing Transmission of the Minutes of Certain Grand Jury Testimony to the Commissioner of the Department of Correctional Services for Use in Departmental Disciplinary Hearings.

In the Matter of CLAYTON DEFAYETTE, Individually and as President of Security and Law Enforcement Employees' Council 82, American Federation of State, County and Municipal Employees, AFL-CIO, et al., Petitioners, v CARMAN F. BALL, as Justice of the Supreme Court of the State of New York, et al., Respondents.

In the Matter of THE POLICE BENEVOLENT ASSOCIATION OF THE NEW YORK STATE POLICE, INC., et al., Petitioners, v CARMAN F. BALL, as Justice of the Supreme Court of the State of New York, et al., Respondents.

Fourth Department, July 12, 1976

*Hinman, Straub, Pigors & Manning (Berg & Cornell,* by *Bernard Malone* and *F. Steven Berg* of counsel), for "John Doe", appellant in first and second above-entitled proceedings and for petitioner in fourth above-entitled proceeding.

*Alfred J. Scotti, Special Deputy Attorney-General, pro se,* and *Lewis Friedman* for Alfred J. Scotti, respondent.

*Mark K. Benenson (Berg & Cornell,* by *Mark Benenson,* and *F. Steven Berg* of counsel), for petitioner in third above-entitled proceeding.

*Louis J. Lefkowitz, Attorney-General (Michael Wolfgang* of counsel), for Carman F. Ball, respondent in third and fourth above-entitled proceedings.

WITMER, J. The appeals and article 78 proceedings herein grow out of two applications made by respondent Alfred J. Scotti, Special Deputy Attorney-General, to the Hon. CARMAN

F. BALL, Justice of the Supreme Court, who has been duly designated to supervise the Grand Jury investigations and the prosecutions which followed the Attica prison uprising of September, 1971. After successfully moving for the dismissal of most of the outstanding indictments returned by the two Grand Juries which have investigated the Attica revolt and its subjugation, and after successfully moving for the discharge of said two Grand Juries, respondent Scotti on April 15, 1976 made two ex parte applications for release of specified Grand Jury minutes of testimony relating respectively to the conduct of certain officers of the New York State Police and certain employees of the New York State Department of Correctional Services, to the Superintendent of the New York State Police and to the New York State Commissioner of the Department of Correctional Services for consideration of disciplinary action. On May 5, 1976 Mr. Justice BALL granted an order on each such application, each order containing the limitation that the minutes released thereunder shall be used "solely for the purposes of departmental disciplinary action and for no other purpose."

On learning informally that these orders had been granted under seal and without entry, petitioners, representing respectively the members of the New York State Police and the New York State employees of the Department of Correctional Services, and acting without firsthand knowledge of the orders, filed notice of appeal which we recognize as a sufficient notice of appeal from each of the two orders of May 5, 1976, and they also duly initiated two article 78 proceedings to prohibit the Hon. CARMAN F. BALL, Justice of the Supreme Court and Alfred J. Scotti, Special Deputy Attorney-General, respondents, from proceeding under the orders of May 5, 1976, and for a review and annulment thereof.

We shall first consider the two appeals. Admittedly, the orders were made ex parte. No appeal lies from an ex parte order *(James v Powell,* 30 AD2d 340, 341, affd 23 NY2d 691; *Matter of Bean v Stoddard,* 207 App Div 276, 281, affd 238 NY 618; *Matter of State of New York v Fuller,* 31 AD2d 71, 73; *Haner v Van Buren,* 240 App Div 800; 10 Carmody-Wait 2d, NY Prac, § 70:27; CPLR 5701, subd [a], par 2; cf CPLR 5704, subd [a]). The proper procedure for a person aggrieved by an ex parte order is to move to vacate it, and if the motion be denied, to appeal from the order of denial *(Kogan v Fair Waist & Dress Co.,* 233 App Div 735; *Belfer v Ludlow,* 144 App Div

746, 750; 10 Carmody-Wait 2d, NY Prac, § 70:27). These appeals, therefore, should be dismissed.

The two article 78 proceedings are properly before us. Petitioners contend that only the two Grand Juries had the power to make recommendations with respect to the evidence which they considered; that Special Deputy Attorney-General Scotti exceeded his authority in requesting the court to transmit the Grand Jury minutes to the Commissioner of Corrections and Superintendent of State Police; that it is against the public interest for the court to make such orders and that Justice BALL abused his discretion in signing the orders.

By statute the court has jurisdiction over grand jury minutes and has discretionary power to release them (Judiciary Law, § 325; CPL 190.25, subd 4). The extraordinary remedy of prohibition "lies only where there is a clear legal right" in petitioners for such relief and "even if there has been an excess of jurisdiction or power, the extraordinary remedy will not lie if there is available an adequate remedy at law" (Matter of State of New York v King, 36 NY2d 59, 62). Since Special Term has jurisdiction of these Grand Jury minutes, prohibition will not lie in the absence of a showing that it is acting in excess of its powers and in violation of law and petitioners' rights. No such showing has been made herein.

Petitioners contend that because CPL 190.85 empowers grand juries to return a report recommending disciplinary action against public employees, neither a District Attorney nor a Special Deputy Attorney-General acting in his stead may independently initiate such a recommendation. Although the statute authorizes the grand jury to recommend disciplinary action against a public employee despite the jury's failure to indict him, there is no reason to conclude that therefore only a grand jury may make such recommendation. Historically, the District Attorney (or the Attorney-General or his Special Deputy acting under appropriate authority) has represented the public interest. When in his judgment there is evidence which bears upon the propriety of the conduct of a public employee, which information may not otherwise come to the attention of the employer agency, it is only right and proper for him to act in the public interest and to ask the court to consider his request that the information be transmitted to the agency.

In designating respondent Scotti as Special Deputy Attorney-General in charge of the Attica proceedings on December

16, 1975 Attorney-General Lefkowitz, among other things, expressly authorized him to seek indictments against law enforcement personnel involving serious offenses in which there is a reasonable probability of conviction; to review pending indictments with a view to recommending dismissal thereof and to "make available to State agencies evidence against law enforcement personnel which may be sufficient to result in departmental disciplinary action." Clearly, therefore, respondent Scotti was acting within his express authorization from the Attorney-General in seeking the release of specific minutes of the Grand Jury proceedings for transmittal to the Superintendent of State Police and the Commissioner of the Department of Correctional Services. The statute expressly authorized the court in its discretion, "after hearing the said district attorney" (Judiciary Law, § 325; and see CPL 190.25, subd 4), to release grand jury minutes, and many court decisions confirm the proper exercise of that discretion. Hence, petitioners' contention in this respect must fail.

In *People v Di Napoli* (27 NY2d 229, 234) the Court of Appeals wrote, "We start with the proposition that secrecy of grand jury minutes is not absolute. Under section 952-t of the Code of Criminal Procedure, a copy of the minutes may be furnished to 'any * * * person * * * upon the written order of the court'. Firmly settled is the rule that determination of the question whether disclosure should be permitted is addressed to, and rests in, the trial judge's discretion. [Citations omitted.] In exercising this discretion, the court must balance the competing interests involved, the public interest in disclosure against that in secrecy."

On page 235, the court continued, "Ranged against these considerations are the reasons for maintaining the secrecy or confidentiality of grand jury minutes. Those most frequently mentioned by courts and commentators are these: (1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely. [Citations omitted.]"

Only consideration numbers (4) and (5) referred to above by the Court of Appeals are germane to the issue in this case. The first of these, the protection of an innocent accused from unfounded accusations when no indictment has been returned, was duly considered by Special Term in its orders wherein it limited the release "for the purposes of departmental disciplinary action and for no other purpose". Of course, should those departments institute formal charges against any person represented by petitioners, such person would have full opportunity to protect his rights in accordance with law. In *People v Di Napoli (supra,* p 238) the court wrote, "Any such use of the minutes would, of course, be subject to whatever lawful objection a party to the proceeding or a witness chooses to voice [citations omitted]."

The courts have not deemed that the policy of assuring prospective grand jury witnesses that their testimony will be kept secret (thus encouraging them to testify freely) requires a denial of the use of the minutes of grand jury testimony in the protection of the public interest. Indeed, the very nature of that testimony would reasonably lead the witnesses to anticipate some further use of it in the public interest. Thus, throughout the years, disclosure of grand jury testimony has been authorized in a broad range of public interest matters (see *People v Di Napoli, supra; People ex rel. Hirschberg v Board of Supervisors,* 251 NY 156, 170-171; *Matter of Quinn,* 267 App Div 913, affd 293 NY 787; *Matter of Epstein,* 37 AD2d 333, app dsmd 29 NY2d 875, cert den 405 US 1046; *People v Werfel,* 82 Misc 2d 1029; *Matter of City of New Rochelle,* 35 Misc 2d 254; *Matter of Crain,* 139 Misc 799).

The only question, therefore, remaining for our consideration is whether Special Term abused its discretion in granting these orders. Special Term alleged in its answer to the petitions herein that its concern was not as to the wisdom of transmitting the minutes to the Superintendent and the Commissioner but whether the transmittal was for a legitimate purpose. That statement necessarily encompasses the consideration of whether the transmittal is in a public interest which transcends the policy of maintaining utmost secrecy in grand jury proceedings. An examination in detail of the several hundred specified pages of the Grand Jury minutes establishes that they relate to the propriety of the conduct of the named officers and employees; that it is appropriate for the agency employers, to wit, the Superintendent of State Police and

Commissioner for the Department of Correctional Services to consider such testimony, if they so choose, in disciplinary investigations and prosecutions; and that Special Term did not abuse its discretion in ordering them transmitted to the Superintendent and the Commissioner.

It is not for us at this time to express an opinion as to the use and weight which the superintendent or commissioner should give to the respective minutes transmitted to them. We note, however, that in the third sentence of paragraph 7 of the affidavit of respondent Scotti in support of the application for transmittal of minutes to the Commissioner of the Department of Correctional Services, he expressed a conclusion which is not supported by the testimony in the specified minutes. This prompts the admonition that it is the minutes of testimony which are transmitted to the superintendent and the commissioner, and that conclusory statements by respondent Scotti concerning the content of the minutes, contained in the application for the orders, should be accorded no weight by the superintendent or the commissioner. We add a further note of warning to the superintendent and commissioner to whom these minutes are released—the release orders carefully restrict the use of the minutes. In all other respects these minutes remain secret, and utmost care must be taken to insure that they are used in no manner except as specified and are not permitted to be seen or used by any other person.

The appeals should, therefore, be dismissed and the petitions in the two article 78 proceedings should be denied and dismissed.

MAHONEY, J. (dissenting). I dissent. The majority hold that the action of Special Term was within its discretion and cannot be overruled on the record before us. Almost five years *after* the Attica riots, two Grand Juries made no finding of official misconduct, except for the indictment of one State trooper, which was dismissed. I cannot believe that we should continue these proceedings, now a cause cèlèbre throughout the world, merely on the conclusory affidavit of the Special Deputy Attorney-General. He has recommended dismissal of all indictments, but one, against inmates convicted of serious crimes. He may well have been correct, but what a travesty on justice that the only reason he gives for the order signed by Special Term, at least as to *a few of the officers,* is improper supervision or alleged improper follow-up investigation. This alone is indicative of discrimination which should *not* be given

the imprimatur of this court. If the Special Deputy Attorney-General is correct, the heads of the departments involved should be the targets of "official misconduct," *not* those presumably carrying out the orders of their superiors.

Neither Grand Jury made findings of "official misconduct" except as above noted, nor was a request ever made for the Grand Jury minutes by the heads of the respective departments involved.

What a diabolical conclusion to this unfortunate affair, after dismissing all but one of the indictments which were against convicted criminals, that the whole fabric of our law enforcement agencies should be further shattered by sensational charges *only against* enforcement personnel. Let us remember that the second Attica Grand Jury was constituted to investigate any wrongdoing by law enforcement officials. It was dismissed on motion of the same Special Deputy Attorney-General, having found no indictment but one and no recommendation for disciplinary action against *any* official. He *now* seeks the release of only portions of the voluntary testimony at a time when the officials involved must be at a disadvantage in preparing their defense to any misconduct charges, because of missing witnesses, faulty memory of others and because of the long delay and a general malaise relative to the whole Attica affair.

While the Attica tragedy will haunt our society as long as mankind has a sense of decency and propriety, we should not now commence the final act of that drama by further demeaning any law enforcement official by the unnecessary prolongation of possible charges of official misconduct. The axiom "justice delayed is justice denied" should be equally appropriate to law enforcement officers as to the convicted criminals.

A careful review of all the pleadings and exhibits compels the conclusion that the Special Term orders constituted an act in excess of its power and an abuse of its discretion *(Matter of State of New York v King,* 36 NY2d 59).

CARDAMONE, J. P., and GOLDMAN, J., concur with WITMER, J.; MAHONEY, J., dissents in two article 78 proceedings in opinion.

Appeals in first and second proceedings, unanimously dismissed, without costs. Stay continued for 30 days.

Petitions in third and fourth proceedings denied and dismissed, without costs.