In the Matter of the CORPORATION COUNSEL OF THE CITY OF BUFFALO, Respondent, to Inspect Grand Jury Minutes. EDWARD C. COSGROVE, as District Attorney of Erie County, Appellant.

Fourth Department, January 20, 1978

## APPEARANCES OF COUNSEL

*Edward C. Cosgrove, District Attorney, pro se (Judith Blake Manzella* of counsel), for appellant.

*Leslie G. Foschio, Corporation Counsel, pro se (Margaret Anderson* of counsel), for respondent.

**OPINION OF THE COURT**

MOULE, J. P.

This appeal presents the question whether Special Term abused its discretion in granting an order permitting the Corporation Counsel of the City of Buffalo to examine Grand Jury minutes of the testimony of seven Buffalo police officers.

This application was brought by service of an order to show cause and supporting affidavit upon the Erie County District Attorney on November 3, 1977. The Corporation Counsel sought to examine minutes of the testimony of Buffalo Police Officer Robert Grisanti which had been given on July 29, 1977 before the Special Erie County Grand Jury investigating the death of Richard Long. He also requested an examination of the minutes of testimony given before the same Grand Jury on unknown dates by Police Officers Leonard Socha, Lawrence Pierce, Joseph Riga, Charles Williams, Peter Brunetto, Robert Chella and "any and all other members of the Buffalo Police Department".[1]

In the supporting affidavit it was asserted that a duty of the Corporation Counsel is to prepare and prosecute departmental charges against members of the Buffalo Police Department in appropriate cases; that subsequent to testifying before the Grand Jury, Police Officer Robert Grisanti was indicted on two counts each of first degree perjury and first degree criminal contempt and, upon his indictment, was suspended by the police commissioner; and that to prepare departmental charges fairly and properly against Officer Grisanti, it was essential and necessary that the testimony upon which his indictment was founded be inspected. It was further asserted that, upon information and belief, the Grand Jury testimony of the other six named members of the Buffalo Police Department concerned activities performed by them in violation of departmental rules and regulations, and that "in order to ascertain what, if any, rules and regulations were violated by the above-named police officers and in order to fully and fairly draw possible departmental charges against any of those police officers, and any others currently unknown to the Deponent, who may have testified before the Grand Jury, it is

---

1. At Special Term the Corporation Counsel limited his request to only the named officers and any other Buffalo police officers whose testimony would assist the police department in commencing appropriate disciplinary proceedings.

necessary and essential that their testimony be inspected by the Deponent."

The District Attorney opposed the Corporation Counsel's application.[2] Special Term nevertheless granted it as to the examination of the Grand Jury minutes of the testimony of the seven named police officers on November 10, 1977. In granting this application, the court noted that the District Attorney had informed it that except for Officer Grisanti, none of the named officers had rendered any testimony to be used in the criminal case arising from Richard Long's death and it was not expected that they would be called as witnesses in that prosecution. The court allowed disclosure of the Grand Jury testimony of Officer Grisanti when it was shown that a copy of the minutes of his testimony had been released to his attorney in connection with the perjury and contempt charges against him. The District Attorney contends on this appeal that it was improper for Special Term to permit inspection of the Grand Jury testimony of Officer Grisanti and the other six named police officers.

CPL 190.25 (subd 4) sets forth the general rule that Grand Jury proceedings are secret. An exception is recognized where a written court order authorizes disclosure of the nature or substance of Grand Jury testimony (CPL 190.25, subd 4; Judiciary Law, § 325). It is well settled that the determination of the question whether disclosure should be permitted rests in the court's discretion and that in exercising this discretion, the court must balance the competing interests involved, the public interest in disclosure against that in secrecy (*People v Di Napoli,* 27 NY2d 229, 234; *Matter of City of Buffalo,* 57 AD2d 47, 49; *Matter of Scotti,* 53 AD2d 282, 287).

In its decision, Special Term found that the public interest in having departmental charges affecting police officers tried thoroughly and promptly warranted disclosure of their Grand Jury testimony. Against this interest in disclosure, however, must be balanced the reasons for maintaining the secrecy or confidentiality of Grand Jury minutes, including "(1) prevention of flight by a defendant who is about to be

---

2. The record shows that the Police Benevolent Association joined the District Attorney in resisting this application, although the association does not appear as a party on this appeal. The record fails to show whether the police officers whose testimony is sought to be disclosed were notified of these proceedings. We do not pass on the question whether such notice was required.

indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely" *(People v Di Napoli,* 27 NY2d 229, 235, *supra).*

With respect to the six unindicted police officers, the fifth above-mentioned reason is of particular significance. The chilling effect that disclosure of these six officers' testimony would have on the ability of this Grand Jury, as well as the ability of future Grand Juries, to obtain witnesses in similar circumstances is apparent (see *Matter of City of Buffalo,* 57 AD2d 47, 51, *supra).*

The Corporation Counsel's assertion that the Grand Jury testimony of these six officers concerned departmental violations was made upon information and belief, but no basis for such information and belief was shown. Violations of rules and regulations are allegedly involved, but not even the broadest outline of the infractions which may have been committed has been suggested. Additionally, the Corporation Counsel failed to allege, much less demonstrate, that sources other than the Grand Jury minutes are insufficient to provide the information necessary to prepare and prosecute departmental charges[3] *(Matter of City of Buffalo,* 57 AD2d 47, 51, *supra).* Furthermore, the Grand Jury investigation is still being conducted and the indictments which have arisen therefrom have yet to be tried.

Absent a more compelling and specific demonstration of the necessity for disclosure of the officers' testimony, the public interest in assuring prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely and the public interest in preventing possible prejudice to the pending criminal prosecutions attendant upon

---

3. Under article XII (§ 3, subd [e]) of an agreement between the City of Buffalo and the Police Benevolent Association, "[n]o removal or disciplinary proceeding shall be commenced more than one year after the occurrence of the wrong-doing complained of or its discovery, if later. However, such limitation shall not apply where the wrong-doing complained of would, if proved in a Court of appropriate jurisdiction, constitute a crime." The death of Richard Long occurred on June 25, 1977. There is no claim here that departmental proceedings will be barred under this provision if disclosure of the police officers' testimony is not ordered.

such disclosure outweigh the public interest in discovering possible departmental violations. Therefore, we find that it was an improvident exercise of discretion for Special Term to order disclosure of the testimony of these six officers.

■ With respect to Officer Grisanti, a similar consideration of the potential prejudice to his right to a fair trial outweighs the public interest in presently disclosing to the Corporation Counsel the substance of the officer's Grand Jury testimony. Any departmental charge brought against Officer Grisanti will most likely track the alleged criminal misconduct which forms the basis of his indictment. Inasmuch as the Corporation Counsel has shown no necessity for the disclosure of Officer Grisanti's Grand Jury testimony prior to the disposition of his criminal charges, the public interest in assuring a fair trial outweighs the interest in having departmental charges brought immediately. We see no relevance to the fact that Officer Grisanti's attorney has a copy of the minutes in connection with the criminal prosecution. Therefore, we find that Special Term abused its discretion in allowing the inspection of Officer Grisanti's Grand Jury minutes as well.

Accordingly, the order permitting the Corporation Counsel to inspect the Grand Jury minutes of Officer Grisanti and the six other named Buffalo police officers should be reversed, and the application should be denied. This determination is made without prejudice to a future application by the Corporation Counsel wherein he may show some compelling public interest to be served by the disclosure of the Grand Jury testimony of these officers.

CARDAMONE, SIMONS,· HANCOCK, JR., and DENMAN, JJ., concur.

Order unanimously reversed, and motion denied.