■ DAVID J. ROMANO, SR., as Administrator of the Estate of DAVID J. ROMANO, JR., Deceased, Appellant, v DEAN L. BOICE et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered October 31, 1985 in Saratoga County, which granted defendants' motion to strike the complaint.

In 1983, David J. Romano, Jr. (decedent) was killed when he was struck by a car owned by defendant Richard L. Boice and operated by defendant Dean L. Boice. Shortly thereafter, plaintiff, decedent's father, commenced this action on decedent's behalf.

In March 1984, while plaintiff was being deposed, he refused, upon advice of his attorney, to answer certain questions regarding suicidal tendencies on the part of decedent. Plaintiff also refused to respond to a notice for discovery and inspection seeking copies of decedent's income tax returns and all prescriptions and medications being taken by decedent. Defendants moved to compel answers to the questions asked at the examination before trial and compliance with the discovery demand. Plaintiff did not oppose the motion. Supreme Court granted the motion and gave plaintiff 30 days to comply.

After plaintiff failed to comply with the order, defendants moved to strike the complaint pursuant to CPLR 3126 (3). Plaintiff did not oppose the motion. Supreme Court issued a conditional order on September 16, 1985, giving plaintiff 30 days to comply or the complaint would be stricken with prejudice. An extension to October 30, 1985 was granted by Supreme Court. By that date, plaintiff had apparently made some effort to comply. Nonetheless, on October 31, 1985, defendants submitted an application and obtained an ex parte order striking the complaint. This appeal by plaintiff ensued.

This appeal must be dismissed since an appeal does not lie from an order granted ex parte (CPLR 5701 [a] [2]; see, James v Powell, 30 AD2d 340, 341, affd 23 NY2d 691). Plaintiff's

contentions that he complied, at least in spirit, with the conditional order and that, in any event, based on the circumstances, noncompliance should be excused, cannot be passed on since they obviously were not before Supreme Court when the ex parte order was made. Further, it cannot be argued that Supreme Court abused its discretion since it has not yet had an opportunity to exercise its discretion. Plaintiff's remedy is to move before Supreme Court to vacate the order striking the complaint. After such motion is determined, the aggrieved party may pursue its appellate remedies.

Appeal dismissed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.