■ Alfredo Martinez et al., Respondents-Appellants, v CPC International Inc., Doing Business as S. B. Penick & Company, et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, et al., Defendants. Warner-Lambert Company, Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendants. — In consolidated actions to recover damages for personal injuries and wrongful death, the appeals and cross appeals are from two orders of the Supreme Court, Queens County (Hyman, J.), (1) the first, dated February 2, 1982, (a) granted in part defendant Liquid Carbonic Corp.'s motion for leave to renew a prior motion for disclosure of the Grand Jury minutes in the case of *People v Warner-Lambert Co.* and (b) ordered, after an *in camera* inspection of said minutes, that "an authorized representative counsel of each party to all actions arising out of the American Chicle plant explosion who has taken the oath of confidentiality required in this action and is admitted and licensed to practice as an attorney in the state may examine said minutes as redacted by the Court" and (2) the second, dated February 22, 1982, *inter alia,* held that the "availability of the Warner-Lambert-elicited expert's testimony in the Grand Jury minutes" was conditional "upon the reciprocity of other parties turning over to Warner-Lambert their existent or future experts' reports". Orders reversed, on the law, without costs or disbursements, and motion for disclosure of Grand Jury minutes denied. The stays granted by Special Term and this court are vacated. Although it might be vigorously argued that inasmuch as Warner-Lambert has access to the Grand Jury minutes by reason of its participation in the Grand Jury proceedings and related appeals, it is unfair to deny them to other litigants, nevertheless, no public interest has been shown. We therefore decline to deviate from the traditional rule of nondisclosure. Disclosure of Grand Jury minutes for trial preparation has been almost uniformly denied to private litigants (*Albert v Zahner's Sales Co.,* 51 AD2d 541, affg 81 Misc 2d 103; *Vartanesian v Purcell,* 57 Misc 2d 217; *Kruger v County of Nassau,* 53 Misc 2d 166). It should, however, be noted that such minutes may properly be used not only for impeachment, but also to refresh recollection or lead a hostile witness at a civil trial, and the court will make such parts of the Grand Jury minutes available to the attorneys for the respective parties as witnesses are called to testify (see *Herring v City of Syracuse,* 81 Misc 2d 1060, 1062; *Foley v City of New York,* 75 Misc 2d 664; *Marinelli v State of New York,* 71 Misc 2d 62). Accordingly, the Grand Jury minutes are to be submitted to the court immediately prior to trial. Special Term's release of the redacted version of the Grand Jury minutes of an earlier, related criminal action to private civil litigants for general discovery purposes constituted an abuse of discretion (see *People v Di Napoli,* 27 NY2d 229; *Albert v Zahner's Sales Co.,* 51 AD2d 541, 542, *supra*). Special Term's provision for reciprocal discovery of experts' reports was improper. The experts' reports prepared on behalf of the plaintiffs and defendants do not contain factual material which cannot be duplicated, as do the reports prepared for Warner-Lambert immediately after the explosion. The former are therefore

privileged under CPLR 3101 (subd [d]), while the latter are not (see *Abraham v Hanover Ins. Co.,* 66 AD2d 808). Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.