■ NICOLE MARCANO et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. (Action No. 1.) NICOLE MARCANO et al., Appellants, v JOHN PIROZZI et al., Respondents. (Action No. 2.) [695 NYS2d 597] —In consolidated actions to recover damages for

personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated October 22, 1997, which denied their motion to direct the defendants in Action No. 2, John Pirozzi and Frank Rotundi, to produce documents they obtained from the District Attorney, Kings County, in a criminal trial in which they were defendants relative to charges arising out of the circumstances which form the gravamen of these actions.

Ordered that the order is modified by deleting the provision thereof denying the motion in its entirety and substituting therefor a provision granting the motion to the extent that the defendants in Action No. 2 shall produce the minutes of the plaintiffs' Grand Jury testimony and any prior written or recorded statements made by the plaintiffs and shall submit to the court the Grand Jury testimony of all other witnesses immediately prior to trial; as so modified, the order is affirmed, with one bill of costs to the plaintiffs.

Although the traditional rule is for nondisclosure of Grand Jury minutes (*see, Matter of District Attorney of Suffolk County,* 58 NY2d 436), under the circumstances of this case, the plaintiffs should have access to their own Grand Jury testimony as well as any of their prior statements which are in the possession of the defendants. The considerations for secrecy are not present herein (*cf., People v Di Napoli,* 27 NY2d 229) inasmuch as the defendants are in possession of the Grand Jury proceedings, including the testimony of the plaintiffs. The plaintiffs' prior statements are discoverable pursuant to CPLR 3101 (e). Further, the Grand Jury testimony of other witnesses are to be submitted to the court immediately prior to trial as such minutes may be properly used not only for impeachment purposes, but also to refresh recollection or lead a hostile witness at a civil trial (*see, Martinez v CPC Intl.,* 88 AD2d 656). Altman, J. P., Friedmann, McGinity and Schmidt, JJ., concur.