OPINION OF THE COURT
Herbert Kramer, J.
Are grand jury minutes released pursuant to CPL 240.44 and 240.45 and People v Rosario (9 NY2d 286 [1961]) considered public documents thereby permitting subsequent disclosure and use for impeachment purposes in a civil trial without a court order or judicial supervision?
This court holds that any attorney in a subsequent action who is in possession of grand jury minutes is obligated to promptly advise the trial court and must follow the proper procedure prior to any further disclosure, and prior to any attempt to utilize the minutes during litigation. In accordance with this opinion the retention of grand jury minutes among unsealed court records is inexplicable.
Further, regardless of any prior disclosure of grand jury minutes to the defendant in a previous criminal proceeding, he or she is not at liberty to circumvent the safeguards set up by the required procedures of motion practice and judicial control of the minutes by unfettered dissemination and subsequent utilization. Grand jury minutes must retain their confidential status even after a defense attorney is provided with them pursuant to CPL 240.44 and 240.45 and Rosario. Any other outcome would be completely contrary to the public policy of *456 grand jury secrecy and would vitiate the rules and judicial control vested by the case law.[1]
No one may use the minutes for any purpose which would contradict the standards set forth by precedents or would undermine the secrecy of the grand jury.[2] The release of the minutes by the district attorney to the defense attorney is meant to be utilized for the limited purpose of defense in the criminal action.[3] Thereafter the minutes are still confidential and future use must be upon application to the court.
Background
This motion arises from the defendant City of New York’s (City) attempt to impeach a witness for the plaintiff, Renee Cullen, by utilizing her prior grand jury testimony. Immediately upon the City’s attempted impeachment the court stopped the cross-examination and sent the jury out of the courtroom. The cross-examination was then allowed to proceed under seal. The court further required a motion to unseal the grand jury minutes. Plaintiff objected to the use of the minutes. It is apparent that the City is in possession of two separate grand jury minutes related to two separate indictments stemming from the *457 underlying incident.[4] One set of minutes marked as court exhibit “1” was apparently obtained inadvertently when the city attorneys copied the criminal court file from the criminal record room. Another set of minutes marked as exhibit “2” was obtained via codefendant Louis Pascarella.[5] In opposition, plaintiff asserts that the minutes are not certified, not consecutively paginated and upon review seem to be incomplete.
The underlying action stems from a vehicular accident wherein the defendant Pascarella struck the infant plaintiff, Anthony Turturro, while he was riding his bike. Turturro sustained extensive and permanent injuries. This action was commenced against Pascarella as the driver of the vehicle and Beatrice Pascarella as the owner. The claims against the City sound in the failure to institute proper road-calming measures to allay speeding on a notoriously dangerous and problematic street.
Standing
As a preliminary matter it must be determined whether there is standing to object to the use of the grand jury testimony. The targets of grand jury investigation and witnesses have standing to object. (Matter of District Attorney of Suffolk County, 86 AD2d 294 [1982].) Does the plaintiff, who is neither target nor witness, have standing to object? The contemporary rule is that a party has standing to enforce a statutory right if its abuse will cause him injury and it may fall within the “zone of interest” protected by the legislation.[6] Only where there is a clear legislative intent negating review or a lack of injury-in-fact will standing be denied. As the plaintiff stands to suffer injury by the use of the minutes and there is no clear legislative intent negating review, this court finds that he is within the “zone of interest” and may object.
*458 Jurisdiction and Procedure
The general method to obtain the minutes and record is with an ex parte application for disclosure on notice to the district attorney. (Matter of Aswad v Hynes, 80 AD2d 382 [3d Dept 1981].) A subpoena duces tecum may also be utilized. (See Foley v City of New York, 75 Misc 2d 664 [1973]; Herring v City of Syracuse, 81 Misc 2d 1060 [1975].) The determination whether to disclose the grand jury minutes is in the sound discretion of the trial judge. (People v Di Napoli, 27 NY2d 229 [1970].) If the application is granted then the grand jury minutes are to be submitted to the court immediately prior to trial to be kept in the custody of the court. The court is then to provide those portions of the grand jury minutes to the attorneys at the time of the witnesses’ testimony as such minutes may be properly used for impeachment, to refresh a witness’s recollection and to lead a hostile witness. (Id.; see also Marcano v City of New York, 264 AD2d 823 [1999].)
Generally, disclosure of grand jury minutes to aid in civil trial preparation or investigations has been almost uniformly denied to private litigants. (Martinez v CPC Intl., 88 AD2d 656 [1982].) The party seeking disclosure must demonstrate compelling and particularized need for disclosure that is persuasive enough to overcome the strong presumption in favor of secrecy. (Matter of District Attorney of Suffolk County, 58 NY2d 436 [1983].)
However, it is now universally conceded that a witness may be impeached in any subsequent trial, civil or criminal, by self-contradictory testimony given by him or her before a grand jury. (People v Di Napoli, 27 NY2d 229 [1970].) Therefore, it appears that a compelling and particularized need is assumed when the use of the minutes is for impeachment, refreshing recollection, or leading a hostile witness. However, the disclosure is limited to the testimony given by that witness and the control of the minutes is to remain with the trial court. (Martinez, 88 AD2d 656 [1982].) Allowing the use of the minutes for those limited purposes should in no way open the door to complete access and use of the grand jury proceedings, as apparently has occurred in this matter.
Grand Jury Secrecy
GPL 190.25 (4) (a) provides in pertinent part:
“Grand jury proceedings are secret, and no grand juror, or other person specified in subdivision three of this section or 215.70 of the penal law, may, except *459 in the lawful discharge of his duties or upon written order of the court, disclose the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding.”
The companion statute of Penal Law § 215.70 specifies the requisite factors for a finding of unlawful grand jury disclosure, which is a class E felony. Grand jury secrecy has been an “integral feature of [g]rand Q]ury proceedings since well before the founding of our Nation” (Matter of District Attorney of Suffolk County, 58 NY2d 436, 443 [1983] [citations omitted]).
Subsequent disclosure of grand jury minutes in a civil matter for trial preparation or to refresh recollection, impeach or lead may be allowed, however general disclosure is not sanctioned nor is widespread publication of the minutes postdisclosure. (People v Di Napoli, 27 NY2d 229 [1970].) If the testimony “should be kept secret or confidential or, if its disclosure would be inimical to public policy, the court — on application of a party, a witness or any appropriate public official — may be asked to intervene to prevent disclosure of the testimony in question.” {Id. at 238.)
The reasons for maintaining the secrecy and confidentiality of the grand jury minutes are generally:
“(1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely.” {Di Napoli, 27 NY2d at 235 [citations omitted].)
Rosario and CPL 240.44, 240.45
CPL 240.44 and 240.45[7] require that the prosecutor produce to the defendant any “written or recorded statement, including any testimony before a grand jury . . . made by a person whom the prosecutor intends to call as a witness at trial, and which *460 relates to the subject matter of the witness’s testimony.” (CPL 240.45 [a].) These CPL sections provide automatic disclosure and disclosure upon request[8] to a defendant in a criminal trial of all Rosario materials.
Discussion
The City argues that once the Rosario materials have been turned over to the defendant the privacy and secrecy concerns in regards to grand jury proceedings are moot in a subsequent civil trial. This cannot be and is not the case. As aptly stated by the Court of Appeals,
“Equally unpersuasive is appellant’s suggestion that, because some Grand Jury testimony entered the public domain some time after the original disclosure order was issued, the appeal has become moot. The short answer, without more, is that, while we may not be able to restore such secrecy as has been lost, we can curb any further disclosure of unpublished parts or further dissemination of those already circulated. The availability of this remedy forecloses dismissal for mootness.” (Matter of District Attorney of Suffolk County, 58 NY2d 436, 443 [1983].)
Furthermore, it cannot be the case that disclosure to the defense attorney in the criminal action renders the records open to the world. For if that position was correct then the vast majority of grand jury proceedings would automatically become public record and any pretense of secrecy would be severely undermined, if not completely destroyed. Furthermore, that understanding would render the line of cases which deal with subsequent use in civil trials nullities. This position cannot be correct as the procedure set down by the line of cases which rule on this issue was decided post -Rosario. Therefore, the courts were aware of and took account of Rosario when rendering their decisions.
The issue before this court lays in the crossroads where civil and criminal procedure rules intersect. The question is whether the grand jury minutes which statutorily must be disclosed to the defendant may thereafter be further disseminated by the defendant and automatically utilized in a civil proceeding.
The court administration must take action to remedy the availability of grand jury minutes to the public. The require *461 ment of Rosario and the codification thereof in no way vitiates the importance of grand jury secrecy. A defendant has a right to examine a witness’s prior statement in order to determine whether it “varies from his testimony on the stand. As long as the statement relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential, the defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination.” (People v Rosario, 9 NY2d 286, 289 [1961].) As further elucidated
“[t]he rule is simple and unequivocal: if the People are in possession of a statement of their own prospective witness relating to the subject matter of that witness’ testimony, defense counsel must, in fairness, be given a copy because ordinarily counsel would have no knowledge of it and no other means of obtaining it.” (People v Jones, 70 NY2d 547, 550 [1987].)
This court declines to follow the general rule which permits use of prior grand jury testimony for impeachment purposes because the court was not provided with the records prior to trial. Under the instant circumstances the failure to provide the court with the records or to make the appropriate application prevented the court from reviewing the records for completeness, integrity and relevance. Furthermore, the opposing party has not had the opportunity to adequately review the minutes. Clearly, fairness and integrity of the proceedings was a concern for the Court of Appeals when the procedure was set down which requires the initial disclosure to the trial court and only then to the attorneys upon the witness taking the stand. It is precisely a case such as the one before us where the failure to follow the procedure may cause irreparable harm to the plaintiff.
Upon receipt of those sections of the minutes in the City’s possession the plaintiff was made aware of an expert who testified to the grand jury and intends to call said expert in rebuttal as plaintiff’s second expert on traffic-calming measures. Upon considerations of balance, the plaintiff is precluded from calling said witness.
Accordingly, as the court is not able to surmise if other portions of the transcript may be used as a shield it cannot allow limited sections to be used as a sword.

. An imposition to maintain postdisclosure confidentiality is not extraordinary. In fact, nondisclosure and confidentially requirements are routinely required in, among others, commercial and negligence actions in Kings County and in the rest of the state. So prevalent is this requirement that New York County has a standard form for confidentiality orders. Further, it is well known that all discovery obtained may not thereafter be utilized. For example, Rules of Professional Conduct (22 NYCRR 1200.0) rule 4.4 (b) provides that “[a] lawyer who receives a document relating to the representation of the lawyer’s client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender.” In certain cases the return or destruction of inadvertently sent materials is required. Is the grand jury secrecy, a cornerstone of the criminal justice system, any less important than commercial secrets?

. This court hereby seals the grand jury minutes in indictments numbered 2242/2006 and 882/2005.

. The disclosure is not for unfettered use, as stated “[i]t does not mean that the defense will be able to go on a tour of investigation seeking generally useful information. Our decision presupposes that the statement relates to the subject matter of the witness’ testimony, that it is to be used for impeachment purposes only after direct examination and that the necessities of effective law enforcement do not require that the statement be kept secret or confidential.” (Rosario, 9 NY2d 286, 290 [1961].)

. The accident gave rise to two grand jury investigations of Louis Pascarella, which resulted in charges being brought, and ultimately a plea to a felony offense. No attorney was aware of two sets of minutes when the issue came up at trial.

. Initially the court was concerned that the disclosure of the minutes was a violation of the Penal Code; however upon investigation it appears that no such violation occurred.

. The “zone of interest” test was formulated to ascertain the petitioner’s status without necessarily dealing with the merits of the litigation. The petitioner need only show that the administrative action will in fact have a harmful effect on the petitioner and that the interest asserted is arguably within the zone of interest to be protected by statute. (Matter of Dairylea Coop. v Walkley, 38 NY2d 6 [1975].)

. These sections are the codification of the Rosario rule. (People v Rosario, 9 NY2d 286 [1961].)

. If disclosure is sought pretrial.